UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERT W. DEARING, JR., B&D PROPERTY
MANAGEMENT, LLC, and DEARING
DEVELOPMENT, INC.,

        Plaintiffs,                                Case Number  15-12960
                                                                Honorable David M. Lawson

v.

CIENA CAPITAL, LLC, EASTERN MARKET 1, LLC,
CHARLES ALIAHMAD, SOARING PINE CAPITAL
REAL ESTATE & DEBT FUND 1, LLC, VICTOR
SIMON, 272 RUSSELL STREET, LLC, EMRE URALLI,
LUKE INVESTMENTS, LLC, and CITI INVESTMENT
GROUP CORP.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The matter is before the Court on the plaintiffs' motion filed yesterday for a temporary restraining order and preliminary injunction. The motion was filed by *pro se* plaintiff Bert W. Dearing, purporting to represent both himself and the incorporated entities also named as plaintiffs. The plaintiff asserts that in 2003 he purchased a commercial property at 2727-2739 Russell Street in Detroit, Michigan and executed a mortgage and note in the amount of $740,000 against the property, which were recorded by the Wayne County Register of Deeds. In 2012, the plaintiff began to suffer from health problems and fell behind on his loan payments. In the meantime, the note had been conveyed, by what the plaintiff contends were a series of fraudulent or ineffective assignments, from the original lender to defendants Eastern Market 1, LLC and Charles Aliahmad. The plaintiff attempted to catch up on his payments by sending six checks to his original lender, only five of

which were forwarded to Eastern Market. On June 3, 2014, Eastern Market sent the plaintiff a notice of default demanding immediate payment of the $471,000 balance due on the loan.

On July 11, 2014, Eastern published a notice of foreclosure by advertisement of the property. On August 8, 2014, the plaintiff filed a lawsuit in the Wayne County, Michigan circuit court alleging that Eastern had breached its duties under the mortgage contract and disputing the amount due on the note. On August 21, 2014, a sheriff's sale was held. The plaintiff alleges that he negotiated with Eastern Market and Aliahmad between August 21, 2014 and February 21, 2015 — the last day of the redemption period — in an attempt to put together a deal that would allow him to redeem the property. Those attempts apparently proved unsuccessful, but the plaintiff alleges that "on February 20, 2015 Plaintiff signed and delivered to Defendant [2727 Russell Street] a document entitled 'Warranty Deed' that purportedly conveyed the real property to [the defendants]." The deed conveying the property from the plaintiff's LLC to defendant 2727 Russell Street, LLC was recorded on March 3, 2015. The complaint alleges that the state court lawsuit was administratively closed on June 17, 2015. In late July 2015, the defendants posted an auction for the property on Auction.com, and on July 24, 2014, the auction closed with a winning bid of more than $2 million. According to the closing documents attached to the complaint as Exhibit 22, the closing is scheduled to occur on August 24, 2015.

The plaintiff contends that the various assignments of the mortgage and note that preceded the foreclosure sale were illusory or invalid, that the individual defendants and their related entities conspired to procure a fraudulent or illegal foreclosure of the property, and that they exploited the fraudulent foreclosure to deceive the plaintiff into conveying his interest in the property to them in the final days before the redemption period expired.

The complaint raises claims of fraud, misrepresentation, and violation of the Fair Debt Collection Practices Act, and it alleges that the defendants illegally conducted a statutory foreclosure by advertisement of the property. In his prayer for relief, the plaintiff seeks $721,500 in money damages and a judgment awarding quiet title in the property to him.

In his motion for a temporary restraining order, the plaintiff asks that the Court enjoin defendants 2727 Russell Street, LLC, Luke Investments, Citi Investment Group, Inc., and Emre Uralli from completing the impending closing on the auction sale of the property. The plaintiff argues that if the sale to an unknown buyer is completed, he will be irreparably harmed by the alienation of the property.

Rule 65 of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order, sometimes without advance notice to a defendant, to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). When considering whether to issue a preliminary injunction, the courts weigh these factors: (1) whether the movant has demonstrated a substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the injunction; (3) would the preliminary injunction cause substantial harm to others; and (4) will the public interest be served if the injunction issues. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). Although these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Ibid.*; *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The Court may enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991).

The plaintiff's motion does not allege that notice was given to the defendants, and it does not allege that notice would precipitate the harm alleged (the consummation of the auction sale). The Court may not enter a temporary restraining order without notice to the adverse party unless facts attested to in an affidavit or verified complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Based on the facts as alleged in the complaint, it does not appear that enjoining the impending closing would prevent any irreparable harm to the plaintiff, because the foreclosure of the property was completed on August 21, 2014, the redemption period expired on February 21, 2015, the plaintiff did not consummate any intent he may have had to redeem his interest in the property before that date, and he conveyed to one of the defendant entities any interest that he had in the property by a warranty deed executed on February 20, 2015 and recorded on March 3, 2015. Whether or not the plaintiff ultimately prevails on his claims of fraud and improper foreclosure, at present he has no interest in the property that could be affected by the impending completion of the auction sale, and enjoining that sale therefore would not prevent any harm to him that cannot fully be redressed by money damages.

Accordingly, it is **ORDERED** that the plaintiffs' motion for a temporary restraining order [dkt. #2] is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   August 21, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 21, 2015.

                                  s/Deborah Tofil  
                                  DEBORAH TOFIL